LOUIS BERMAN AND ALBERT TURIN, PROSECUTORS, v. ABRAHAM GOLDSTEIN, RESPONDENT.

Decided January 31, 1927.

**Landlord and Tenant—Basic Affidavit Found Not to Set Forth Facts Necessary to Clothe Court With Jurisdiction.**

On *certiorari*.

Before Justices BLACK and CAMPBELL.

For the prosecutors, *Mendelsohn & Mendelsohn.*

For the respondent, *Louis Dworetz.*

PER CURIAM.

This writ brings up for review the proceedings and judgment for possession of the Paterson District Court in a landlord and tenant proceeding.

It is contended that the basic affidavit does not set forth the necessary facts to clothe the court with jurisdiction.

We find this contention to be well founded. Possession was sought of a store and cellar at 134 West Broadway, Paterson, New Jersey, and also of a large room at 132-134 West Broadway, in the same city.

As to the cellar and store at 134 West Broadway, the affidavit alleges the premises to be held under a certain agreement made December 1st, 1922, for a period of three years, at a monthly rental payable in advance. The time of the commencement of the tenancy is not set forth, and there are no facts from which it can be found unless it be assumed that the tenancy commenced at the date of the agreement, December 1st, 1922. If so, the term expired under the terms of the letting December 1st, 1925. Whether the tenants held over after the expiration of the term, and if so whether such holding over was with the consent of the landlord, express or

implied, or not does not appear. Assuming, again, that the holding over was with the consent of the landlord, then a yearly tenancy was created terminating December 1st, 1926, if the facts previously assumed are correct.

The notice, however, required possession as of May 1st, 1926.

As to the premises known as the large room in 132-134 West Broadway, the affidavit is also deficient in fixing the letting as "made some time prior to August 1st, 1923." From it there is nothing upon which to base the correctness of the notice requiring possession as of May 1st, 1926.

The requirements of such affidavits are definitely established by numerous adjudications such as *Fowler* v. *Roe,* 25 *N. J. L.* 549; *Shepherd* v. *Sliker,* 31 *Id.* 432; *McWilliams* v. *King,* 32 *Id.* 21; *Wooley* v. *Lane,* 51 *Id.* 504; *Thompkins* v. *Starger,* 52 *Id.* 350; *Scheifele* v. *Irving,* 53 *Id.* 180; *Gray* v. *Reynolds,* 67 *Id.* 169; *Finkelstein* v. *Herson,* 55 *Id.* 217; *Water* v. *Williamson,* 59 *Id.* 337.

The affidavit in question clearly does not meet these requirements and the proceedings must be set aside and the judgment reversed, with costs.